Marshazi,
 
 Ch. J.
 

 delivered the opinion of the Court as follows :
 

 This is, a writ of error to a judgment rendered in Circuit Court of the United Stales for the district of Kentucky, in an ejectment by the Plaintiffs in error, against theDefendants.- ..
 

 
 *152
 
 At the trial of the cause, the Plaintiffs produced and read in evidence, a patent from the commonwealth of Virginia, granting certain lands therein described iying in the county of Nelson, in the now state of Kentucky, to John May, John Banister, Kennon Jones, Thomas Shore and Christopher M‘Gonico. lie then offered in evidence the last will and-testament of John May, deceased, which contained this clause, « Í give and devise ‘‘ my land to my executors, herein after named, and to survivors and survive” of such of them as may act, “ and their heirs, for the purpose of selling as much there-
 
 “
 
 of as will pay all my debts.”
 

 This will was proved ami admitted to record according to fhe laws of Virginia, while Kentucky was a part of that state, and is duly certified by the proper authority. The Plaintiff, Anri Lewis, (wife of the other Plaintiff, Thomas Lewis.) who was an executrix named in the will of thc.said John May, alone-qualified as executrix, and took upon herself the burthen of executing the said will
 
 i
 
 but she did not qualify, and.did not obtain her letters testamentary until after Kentucky had become an independent state.
 

 The counsel for the Defendants, objected to the admissibility of the. will and certificate thereto subjoined, because the said Ann had only qualified, and sued out letters testamentary in the state of Virginia, and not' in ib'e state of Kentucky where the land lies. The Court sustained the objection, and the will was not permitted to go in evidence to the jury. To this opinion an exception was taken. There was also a second exception taken on the same rejection of evidence, which depends entirely on the correctness of the first opinion, and there • fore need not be particularly stated.
 

 It has been decided in this Court that letters testamen - tary give to the executor no authority to .sue for the personal estate of the; testator out of the jurisdiction of the power' by which those letters are granted. But this decision has never Ven understood to extend to a suit for lands, devised to an executor. In such case the executor, sues as devisee. His. right is derived .from the will, and the letters, testamentary do not give the title. The executors are trustees for the purposes of the will.
 
 *153
 
 This will may be considered as requiring that the executois sball act to enable, themselves to t; ke under the devise to them
 
 $
 
 but when the condition is performed, those who have performed it, take under the will. That the executrix took upon herself that character after the separation of Kentucky from Virginia, is of no co'nsequence. "When she did lake it upon herself, the condiiron on which the dejóse was made, was performed, and she took as devisee under the will; and the act mating her title, liad relation to the time of its commencement, which was before the separation of the two states. Were it even necessary, which is not admitted; to record this will in Kentucky, that, objection was hot made to the instrument, and therefore the Court cannot suppose it to exist. The will was rejected because the executrix had not qualified in Kentucky, and this objection is not deemed a valid one.
 

 An objection was also taken to a deed, which w'as offered in evidence, on the ground of an alleged variance between it, as proof, and the allegations in the declaration. The. deed was not permitted to go in evidence to the jury$ and to this opinion, also, an exception .was taken.
 

 The variance is not pointed out. If the objection to the deed is, that it conveys only an undivided interest, while the declaration claiiqs the whole tract, the objection ought not to have been sustained ; but on the. propriety of rejecting the deed it is not nacessary to give an opinion, since the judgment must be reversed on the first point.
 

 Judgment reversed, and the cause remanded with directions to grant a new trial and to permit the will to be read in evidence.