### JOHN C. ABBOTT, ADM'R. vs. MARTHA MILLER, ADM'X.

A. died intestate in the State of Illinois, leaving debts in that State, and also in this State. B. administered in the State of Illinois, and "as administratrix" insured the real estate of A., situate in Illinois, in an office in St. Louis in this State. The property being destroyed by fire, B. sues for and recovers the amount due on the policy. D. administers in this State on the estate of A., it being only the amount recovered by B. on the policy.

Held:—

That D. is not entitled to the amount recovered on the policy, but that the money belongs to B.

### APPEAL from St. Louis Circuit Court, (in Chancery.)

Scott, J., *delivered the opinion of the Court.*

This was a bill in chancery which set forth the following facts: J. S. Miller died intestate in the State of Illinois; his wife, Martha Miller, the

defendant, administered in Illinois. Miller was indebted to persons residing in St. Louis county, in this State. M. Miller, the administratrix, insured at the St. Louis Floating Dock and Insurance Company, a corporation of this State, some real estate of the deceased husband, situated in the State of Illinois, to the value of $2500. The property thus insured was destroyed by fire, a peril insured against. The premium was advanced out of monies belonging to the estate, and the policy was to M. Miller, as administratrix. Suit was brought in this State on the policy and judgment recovered. The complainant, Abbott, took out letters of administration in St. Louis county, in this State, on the estate of the said J. S. Miller. There were no other assets in this State, than the sum due on the policy. Debts against the estate of Miller were allowed in the Probate Court of St. Louis county in this State. The bill alledged that the securities of the administratrix were insolvent, and that she was squandering the estate. Its object was to subject the debt due on the policy to the payment of the debts due in this State, and it prayed for an injunction, and for relief.

The answer of M. Miller admitted all the material facts stated in the bill, but denied the insolvency of her securities and that she was squandering the estate. On a hearing, the bill was dismissed, and the complainant appealed to this Court.

We can see no grounds on which the complainant was entitled to the relief he sought by this bill. The fact that M. Miller could sue for and recover this debt without making any profert of letters of administration, is conclusive to show that she was the legal owner of it. A valid title to property acquired in one country, according to the local law, will be deemed valid, and respected as a perfect title in every civilized country. That M. Miller was a trustee for others can make no difference. But, take it that it would, in justice and equity ought not this debt to belong to the foreign administration in Illinois? The premium was paid out of funds belonging to the estate there; the property insured was in Illinois, and as it was consumed, the sum recovered on the policy should be regarded as an indemnity for it. M. Miller resided in Illinois. She there became the legal owner of a debt, and it is now settled that debts have no locality, but follow the person of their owner; and because she has been compelled to come into our Courts to assert her legal rights, would it not be the rankest injustice if this should lay hold of her property, and subject it to the claims of our citizens, when there may be as strong or stronger claims upon it in Illinois? There can be no pretence for saying that this debt belonged to the intestate, J. S. Miller. It was

not contracted until after his death. Place the evidence of it in the hands of the administrator in this State, and he cannot sue upon it in his own name, but only in the name of M. Miller. Story's Com. §514, and the following sections.

Judge NAPTON concurring, the decree of the Court below will be affirmed.