## TURNER *v.* RISOR.

Decided December 6, 1890,

*Original and ancillary administration—Limitation.*

A judgment against an ancillary administrator in another State is not binding on the original administrator in this State; nor can the judgment creditor, after expiration of the time for presentation of claims, pursue assets of the estate here which have descended to heirs or distributees.

APPEAL from *Ashley* Circuit Court in Chancery.

CARROLL D. WOOD, Judge.

*J. W. Van Gilder* and *M. L. Hawkins,* for appellant.

1. This claim was a subsisting demand against the intestate at the time of his death, and should have been presented to the administrator in Arkansas within two years, and, not having been so presented, it was barred. 14 Ark., 246; 15 *id.,* 412; 18 *id.,* 334; 39 *id.,* 577; 15 *id.,* 41; 20 *id.,* 84; 113 U. S., 449; Mansf. Dig., sec. 98, sec. 5; 18 Ark., 118. The statute runs against non-residents. 6 Ark., 14; 16 *id.,* 694.

2. The presentation in Louisiana and obtaining judgment there, did not relieve her from presenting the same to the domicilary administrator. The administrations were

independent of each other. Story, Conf. Laws, 5th ed., sec. 522.

*G. W. Norman* for appellee.

1. Appellee was not bound to present her claim to the administrator in Arkansas within two years after grant of letters in Arkansas. She was a resident of Louisiana. There was an ancillary administration there. She must pursue the estate in Louisiana until exhausted. When this is done, if the estate in Arkansas was wound up, she might proceed against the heirs at law who received the assets. 40 Ark., 439–442. There are three modes of exhibiting claims against estates, one of which is by action against the administrator. 5 Ark., 468; *7 id.,* 78. She brought suit and recovered judgment. This was a presentation as to estate in Louisiana, and the estate here and there are one and the same.

It is the duty of the ancillary administrator to collect the assets in his State and apply them to debts due citizens of his State and remit the balance. 34 Ark., 117; 31 *id.,* 539; 42 *id.,* 164. As to appellee's right to proceed in equity, see 40 Ark., 440; 31 *id.,* 229; 94 U. S., 746. No Louisiana creditors could prove their claims in this State as long as an ancillary administration was in existence in Louisiana. 34 Ark., 135. See, also, 103 Mass., 245; 13 Allen (Mass.), 48; 2 Rawle (Pa.), 431; 2 Sandf. Chy., 173.

BATTLE, J. John Turner was a resident and citizen of Ashley county, in this State, and died there in September, 1869, leaving real and personal property in that county, and in the State of Louisiana. Letters of administration on the estate in Arkansas were granted on the 20th of September, 1869, to John C. Eckles, who qualified as administrator and administered the estate. About the same time W. H. Vaughan became administrator of so much of the estate as was in Louisiana. Mary A. Risor, a citizen and resident of the State of Louisiana, having a subsisting demand against the estate, recovered a judgment against Vaughan, as such

administrator, for the sum of $533 and interest. The estate in Arkansas was fully and duly administered, and the property remaining on hand after the payment of the debts probated against it was distributed and divided among the heirs of the deceased. Mrs. Risor failed to present her claim to the administrator in Arkansas within two years after the date of his letters, but waited until the assets in the hands of the Louisiana administrator were exhausted, and then, failing to collect her claim, brought this action against the heirs and distributees to recover her debt out of the property which they had received in this State, notwithstanding she had wholly failed to present her claim to the Arkansas administrator.

Mrs. Risor's contention is, that the estate of John Turner, in Arkansas and Louisiana, was only one estate; that she commenced suit on her claim against the Louisiana administrator; that while her suit was pending, she was not required to present her claim to the Arkansas administrator; that the commencement of the same in the time prescribed by law for presenting claims was a sufficient presentation to both administrators; that she, being a non-resident, had no right to prove her claim against the estate in this State until the Louisiana administration was closed; and that, inasmuch as the Arkansas administration had closed before she recovered judgment in her suit, and the assets in Louisiana were fully administered, she had the right to subject the assets which had descended to the heirs to the payment of her judgment. But this contention is not correct. These administrations were wholly independent of each other. The administrators received their authority from different sovereignties and over different property. Each was only a representative of Turner, the deceased, to the extent of the assets of which the court appointing him had jurisdiction; neither was accountable to the other; neither was privy to the other in law or estate; and no connection existed between them. The presentation of the claim to the Louisiana administrator was no presentation to the other. The judg-

Original and ancillary administration—Limitation.

ment obtained against one "furnished no right of action against the other, to affect assets received by the latter in virtue of his own administration." For, as said in *Stacy* v. *Thrasher*, 6 How., 61, "the laws and courts of a State can only affect persons and things within their jurisdiction," and "both as to the administrator and the property confided to him, a judgment in another State is *res inter alios acta*. It is not even *prima facie* evidence of a debt." *Stacy* v. *Thrasher*, 6 How., 58; *McLean* v. *Meek*, 18 How., 16; *Low* v. *Bartlett*, 8 Allen, 259; *Ela* v. *Edwards*, 13 Allen, 48; *Brodie* v. *Bickley*, 2 Rawle, 431.

The primary administration was in this State. It is unlike an ancillary administration. An ancillary administration is taken out for the benefit of resident creditors, legatees and distributees. In *Shegogg* v. *Perkins*, 34 Ark , 117, 131, it is said that it is generally held "subordinate to the original administration," and that the only duty devolving upon the administrator is to collect the assets in the State in which it was granted, and appropriate so much of the avails of the same to the payment of creditors residing in such State as would be authorized by the general solvency or insolvency of the estate of the deceased, and remit the balance to the place of the primary administration. Whether this doctrine be correct or not, the primary administration is for the benefit of resident and non-resident creditors. Non-resident creditors can, and are required to, prove up their claims against it in the same time as the resident. In this case, Mrs. Risor might have prosecuted her original claim against the primary administration in Arkansas at the same time she was prosecuting it in Louisiana. She was under no necessity to wait until she had prosecuted it to judgment, or until the ancillary administration was closed, or until she was barred by our statute of non-claim. In fact she could not wait until the two years from the grant of letters of administration in this State had expired, and then pursue the assets in the hands of the heirs. When the two years expired, her claim was barred. She cannot

now successfully prosecute it to recovery against the heirs
or distributees to whom assets have descended. She does
not come within that class who may in equity subject the
assets in the hands of the heirs to the payment of their
debts. She is not a creditor whose claim has been duly
proved or whose claim came into existence too late to be
proved, or after the administration was closed. She had a
subsisting demand against the estate when letters of ad-
ministration were first granted. In such cases equity will
not set aside or disregard the statute, but will be governed
by it. *Low* v. *Bartlett,* 8 Allen, 259 ; *Hall* v. *Brewer,* 40
Ark., 433; Mansf. Dig., sec. 97 ; *Erwin* v. *Turner,* 6 Ark.,
14 ; *Morgan* v. *Hamlet,* 113 U. S., 449 ; *Churchill* v. *Boyden,*
17 Vt., 319 ; *Dawes* v. *Head,* 3 Pick., 145–6.

The decree of the circuit court is, therefore, reversed, and
the complaint is dismissed.