## WILSON v. TOOTLE.

(Circuit Court, W. D. Missouri, St. Joseph Division. April 17, 1893.)

1. DEATH BY WRONGFUL ACT—ACTION BY APPOINTEE OF COURT—JURISDICTION.
   Act Mo. April 20, 1891, provides that a cause of action accruing by virtue of the laws of another state "may be brought in any of the courts of this state by the person or persons entitled to the proceeds of such cause of action: provided, such person or persons shall be authorized to bring such action by the laws of the state when the cause of action accrued;" and that if the beneficiaries of such action are not allowed, by the laws of such state, to prosecute the action in their own names, the same may be prosecuted by a person to be appointed by the Missouri court in which the action is sought to be instituted. *Held,* that where a cause of action for death by wrongful act accrued in Minnesota, by whose laws the right of action is given to the personal representative for the benefit of the widow and next of kin, an appointee of the Missouri court could not maintain an action therein; for, as the right of action was given in contravention of the common law, and was dependent alone upon the statute creating it, the right must be taken with the limitations placed upon the remedy, and it was therefore not competent for the Missouri legislature to authorize any one to bring the suit other than the person designated by the Minnesota laws.

2. SAME—ACTION BY FOREIGN ADMINISTRATOR—TRUSTEES.
   The administrator appointed in Minnesota, where the cause of action accrued, could maintain a suit in the Missouri court, notwithstanding the general rule that an administrator cannot sue in his official capacity without taking out letters of administration in the state where the action is brought; for the cause of action was vested in him, not in his character of administrator, but merely as the trustee of an express trust in favor of the widow and next of kin.

At Law. Action by James F. Wilson, administrator of William J. Kelly, deceased, against Milton Tootle, Jr., to recover damages for death by wrongful act. On demurrer to the petition. Overruled.

Statement by PHILIPS, District Judge:

This is on demurrer to the petition. The petition, in substance, alleges that on the 16th day of August, 1889, William J. Kelly died, intestate, in the state of Minnesota; that his death resulted from the wrongful act and negligence of the defendant, committed in said state; that thereafter, in September, 1889, the plaintiff was duly appointed administrator of the estate of said decedent by the probate court of the domicile of the deceased in said state, and that said administrator duly qualified, etc.; and that the plaintiff is a resident of said state, and the defendant is a resident of the state of Missouri. This suit is to recover damages in the sum of $10,000 for the death of said Kelly, to the use of the father and mother of said deceased, who are his sole heirs. The petition also states that plaintiff had been appointed by the clerk of the circuit court of the United States for the St. Joseph division of the western district of Missouri, in vacation, to institute and prosecute this action; that said appointment was so made pursuant to an act of the legislature of the state of Missouri, approved April 20, 1891. To this petition the defendant demurs on the ground, principally, that the plaintiff cannot maintain this action in this jurisdiction.

Hall & Pike, for plaintiff.
H. K. White, for defendant.

PHILIPS, District Judge, (after stating the facts.) In the case of Vawter v. Railway Co., 84 Mo. 679, the supreme court of this

state held that an administrator appointed under the laws of this state could not maintain an action in the state against a defendant railroad company for damages resulting from the death of the intestate, occurring in the state of Kansas, through the imputed wrongful act and negligence of the company, although a cause of action therefor was given by the statutes of that state to the administrator of the estate. This ruling was predicated mainly on the proposition that said action was given wholly by the statute of Kansas, and such statute has no extraterritorial force, and because of the fact that under the statutes of this state the administrator cannot maintain an action for personal injury to the intestate. In Oates v. Railway Co., 104 Mo. 514, 16 S. W. Rep. 487, the intestate at the time of his death was a citizen of the state of Missouri, and died in the state of Kansas in consequence of injuries inflicted upon him there through the imputed wrong and negligence of servants of the defendant company. The suit was brought in the state court of Missouri by the surviving widow. The doctrine of the Vawter Case was reaffirmed. Although, by the statute of the state of Missouri, a right of action for the death, had the injury occurred here, was given to such widow, yet, as the right of action where the injury occurred was given alone by the statute of Kansas to the legal representative, the remedy, it was held, was imported into the forum of adjudication along with the right. Therefore, as the widow could not maintain the suit in Kansas, neither could she sue in Missouri. The decision in the Vawter Case was the occasion of the enactment by the Missouri legislature of the following statute, approved April 20, 1891:

"Section 1. Whenever a cause of action has accrued under or by virtue of the laws of any other state or territory, such cause of action may be brought in any of the courts of this state by the person or persons entitled to the proceeds of such cause of action: provided, such person or persons shall be authorized to bring such action by the laws of the state or territory where the cause of action accrued.

"Sec. 2. Whenever any cause of action has accrued under or by virtue of the laws of any other state or territory, and the person or persons entitled to the benefit of such cause of action are not authorized by the laws of such state or territory to prosecute such action in his, her, or their own names, then in every such case such cause of action may be brought in any of the courts of this state, by a person to be appointed for that purpose by the court in which such cause of action is sought to be instituted, or the clerk thereof in vacation, and such person so appointed may institute such action, and prosecute the same, for the benefit of the person or persons entitled to the proceeds thereof under the laws of the state or territory wherein the cause of action arose.

"Sec. 3. The proceeds of any action brought under section number two of this act shall be distributed by the person bringing such suit, and paid to the person or persons entitled thereto, according to their respective interests therein, under the laws of the state or territory wherein the cause of action arose."

We do not see very clearly how this statute can be relied upon to maintain this action, for by the first section the right of action for such death occurring without the state is given to "the person or persons entitled to the proceeds of such cause of action, provided such person or persons shall be authorized to bring such action by

the laws of the state or territory where the cause of action accrued." As by the statute of Minnesota the cause of action in question is given to the legal representative of the deceased, and by the statute of Missouri is given to the parent or parents, or wife, or children, as the case may be, it is apparent that the person authorized to bring such action by the laws of Minnesota, where the cause of action accrued, is not the party entitled to the proceeds of such cause of action. Exactly why the legislature of the state, while passing a remedial act, should have thus restricted its terms is not apparent. It must suffice, however, for the purposes of this case, that such is the statute. While section 2 of the act authorizes the appointment of a person in this state by the clerk or the court to prosecute the action, where the person or persons entitled to the benefit of such cause of action are not authorized by the laws of the state where the injury occurred to prosecute such action, yet I very much question the power of the legislature of Missouri to authorize any one else to maintain such action than the person named by the enabling act of Minnesota. It is true that the person designated in this case to prosecute the action is the legal representative of the deceased in Minnesota, and the plaintiff is entitled to any vantage ground, if any, on account of this coincidence. The right of action given being in contravention of the common law, and being dependent alone upon the statute creating it, the right must be taken with the limitations placed upon the remedy.

If I am correct in this view, we are brought to face the question whether or not the administrator appointed in Minnesota can maintain this action without the aid of the foregoing enabling act of the legislature of Missouri. Neither of the Missouri cases above cited presents the precise question whether the legal representative appointed under the laws of the state where the injury occurred can maintain such action in this state. The rule which forbids a non-resident administrator or executor from going into another state to recover property of the estate is based largely upon the proposition that letters testamentary or of administration have no force or effect beyond the territorial limits of the state by whose authority they are granted; that the property of the deceased is subject to the rules of devolution, succession, and administration under the statute laws, where situated; and that the property of the decedent within the state, being subject to the claims of creditors, will not be permitted to be withdrawn from the local jurisdiction until such claims are satisfied. This is what a recent author terms "the necessity of the rule." 1 Woerner, Adm'n, p. 358. On principle, I cannot perceive why the maxim should not apply here, as elsewhere, that rules cease with the reason that gave them birth. By the statute of Minnesota (1878, p. 825, § 2) the cause of action in such case is given to "the personal representative of the deceased," and "the amount recovered is to be for the exclusive benefit of the widow and next of kin, to be distributed to them in the same proportions as the personal property of the deceased person."

Story in his Equity Jurisprudence, (page 531,) defines assets as follows:

"In an accurate and legal sense, all the personal property of the deceased which is of a salable nature, and may be converted into ready money, is deemed 'assets.' But the word is not confined to such property, for all other property of the deceased which is chargeable with his debts or legacies, and is applicable to the purpose, is, in a large sense, 'assets.'"

The money recoverable in this action is in no sense of the term an asset. It never was of the property of the intestate. It arose only upon his death. By the express provisions of the statute it it is exempt from the debts of the intestate or the usual incidents of administration. No question, therefore, can arise as to its devolution under the succession laws of this state, or of its liability to the claims of local or other creditors. On the contrary, by the very terms of the statute of Minnesota the fund which would arise from the action would be a trust fund, held by the administrator for the sole benefit of the widow and next of kin. To all intents and purposes, therefore, the administrator is made by the statute the trustee of an express trust. The legislature of Minnesota could as well have named and empowered any other person to bring such action as the legal representative. Could it be denied, had the legislature named and empowered John Smith, sheriff of the county, or John Jones, clerk of the county, of the residence of the deceased, to bring such action to the use and benefit of the widow and next of kin, that such person would have been the trustee of an express trust, or that such trustee would have been recognized in any court in Missouri to maintain the action? What difference, then, on principle, can it make that the legislature which gave the cause of action designated the legal representative of the deceased as the party to maintain it? Neither the administrator nor John Smith, sheriff, nor John Jones, clerk, would derive his authority merely from his office, as inhering therein, but from the statute designating such person as the trustee to perform the particular office of suitor. His being administrator may be the condition on which the legislature clothes him with the particular trust, the same as being sheriff or clerk would confer on John Jones or John Smith the authority to sue. Either would be the trustee of an express trust derived from the statute.

In Needham v. Railroad Co., 38 Vt. 294, the court points out a very important distinction between a statute which creates a survival and right of action to the administrator for a personal injury to the intestate where death does not result therefrom, but from some other circumstance, and another provision of the statute, which gives the right of action to the legal representative for the benefit of the next of kin, etc., where death ensues from the injury. In the first instance the cause of action arises during the life of the intestate, and the cause of action survives to the administrator, as such, under the statute, and the damage recovered becomes an asset of the estate, subject to general distribution as any other property of the estate; whereas, in the second instance, the cause of action does not arise until after the death of the person injured, and it is given for the purpose, and as a means, of compensating the designated kinsmen for the value to them of the life of him wrongfully taken away.

It is their loss alone which is to be compensated. The damage recovered, therefore, does not become an asset, but belongs and goes to the designated beneficiary. So the court says:

"Notwithstanding the action in such case is to be prosecuted in point of form by the executor or administrator, he is only a trustee of the sum recovered for the use of the widow or next of kin, and the sum so recovered cannot be treated as assets in his hands for distribution among the creditors. No right of action * * * exists during the lifetime of the injured party. When death occurs from the injury the right of action given arises after, and at the moment of, his decease. The damages resulting from his death are then prospective. Such damages to the widow and next of kin began where the damages of the intestate ended, viz. with his death."

In Hulbert v. City of Topeka, 34 Fed. Rep. 511, Judge Brewer noted this distinction as important, and that it was overlooked by the state court when he was on that bench. He followed, however, the ruling of the state court, as it involved the construction of the state statute. But it must be kept in mind that in the Hulbert Case the administrator was appointed by the probate court in Missouri, whose statute did not authorize an administrator, as did the Kansas statute, to maintain such action; and Judge Black, in Oates v. Railway Co., supra, seemed impressed with this difference, for he observed: "If, by the laws of that state, she [the widow] could prosecute the suit there, a different question would be presented for our consideration." On principle, as we have already suggested, where the statute of the state which gives the right of action designates the legal representative to sue in trust for the use of the widow and next of kin, there can be no distinction between an action thus prosecuted and one by the widow or designated beneficiary, had the statute so authorized the action.

If there were anything in the Missouri statute which would indicate that it was contrary to the policy of the state that such legal representative should maintain such action, this court, in administering law within the state, would observe and enforce such local policy. No cause of action is given in Missouri to the administrator for injuries to the person of the intestate, where death does not ensue therefrom. While section 96, Rev. St. 1889, giving the right of action to the administrator in enumerated instances, if restrained in the interpretation to the exact language employed, would give little color to the idea that a cause of action was thereby designed and intended to be given for personal injury to the intestate, yet the legislature, out of abundant caution, in the succeeding section declared that anything in the preceding section should extend "to actions on the case for injuries to the person of the plaintiff, or to the person of the testator or intestate of any executor or administrator." This, too, made section 96 harmonious with sections 4426, 4427, of the statute, which gave the right of action where death ensues to the designated next of kin.

The case of Dennick v. Railroad Co., 103 U. S. 11, bears more directly upon the question at issue than any case to which my attention is called. There the deceased was killed in New Jersey, and his widow obtained letters of administration in New York, presumably the domicile of the deceased. She sued in the state court, from

which the cause was removed into the federal court by the non-resident corporation. The statute laws of New Jersey were practically the same as those of Minnesota, respecting the right of action by the legal representative. The difference between that and this case is that by the statutes of New York the right of action for injuries inflicted there was also given to the legal representative. While it is to be conceded that Justice Miller, in his opinion, lays some stress upon the fact that the plaintiff was a domestic administrator as well as being authorized to sue in a foreign state, the strength of his opinion, sustaining the action, centers upon the following proposition of law: That, while the right of action depends upon the New Jersey statute, it is yet transitory, and follows the defendant into whatever state he may go. He said:

"Wherever, by either the common law or the statute law of the state, a right of action has become fixed, and a legal liability incurred, that liability may be enforced, and the right of action pursued, in any court which has jurisdiction of such matters, and can obtain jurisdiction of the parties. The action in the present case is in the nature of trespass to the person, always held to be transitory, and the venue immaterial. The local court in New York and the circuit court of the United States for the northern district were competent to try such a case when the parties were properly before it."

He further argued that the language of the New Jersey statute, just as the Minnesota statute, does not bear the construction that the representative must reside in the state where suit is brought. He added:

"The statute says the amount recovered shall be for the exclusive benefit of the widow and next of kin. Why not add here, also, by construction, 'if they reside in the state of New Jersey,'" as to say the representative must reside there? (See, also, Railway Co. v. Cox, 145 U. S. 604, 605, 12 Sup. Ct. Rep. 905; Huntington v. Attrill, 13 Sup. Ct. Rep. 230.)

There is strong analogy, too, between this case and that line of authorities which hold that wherever the right of the administrator or executor is not derived from the deceased through grant of letters, but is in a certain sense supervenient, the legal representative is recognized to sue in any other jurisdiction. For instance, he may sue in another jurisdiction on a judgment recovered in the state of his domicile, and he may sue in another state on a promissory note given him as administrator. 1 Woerner, Adm'n, p. 366, § 162; Hall v. Harrison, 21 Mo. 227. So, it has been held that an administrator to whom the patent is issued on an invention of his intestate may maintain in a foreign state an action for infringement, "because the legal title is in the administrator as trustee." Goodyear v. Hullihen, 3 Fish. Pat. Cas. 251, and loc. cit. It is on this idea that the supreme court of Missouri held in Abbott v. Miller, 10 Mo. 141, that, where an Illinois administrator insured the real estate of the intestate in Illinois in a St. Louis insurance company, he could recover thereon in this state; that the administrator acquired title in the state of Illinois. The court said:

"A valid title to property acquired in one country according to the local law will be deemed valid, and respected as a perfect title, in every civilized country. That Miller [the administrator] was a trustee for others can make no difference."

In Lewis v. McFarland, 9 Cranch, 151, where it was held that the executor, invested with title to the land by the will, may maintain ejectment in a foreign state, Chief Justice Marshall, after alluding to the general rule restricting the right of action to the jurisdiction from which the administrator derives his letters, said:

"But this decision has never been understood to extend to a suit for lands devised to an executor. In such case the executor sues as devisee. His right is derived from the will, and the letters testamentary do not give the title. The executors are trustees for the purposes of the will. This will may be considered as requiring that the executors shall act to enable themselves to take under the devise to them; but, when the condition is performed, those who have performed it take under the will."

So the Minnesota statute, while requiring that the person invested with the right of action shall have been appointed administrator as a condition precedent to his right of action for the death of his intestate, when that condition is fulfilled he derives his right to sue from the statute, and not under the appointment. He is, it does seem to me, clothed with an express trust; and, as such trustee, why he may not come into this jurisdiction and sue in execution of his trust I am unable to see; especially, inasmuch as by section 449 of the state Code of Civil Procedure the trustee of "an express trust, or a person expressly authorized by statute, may sue in his own name without joining with him the person for whose benefit the suit is prosecuted." While the question raised by this demurrer is not free from doubt, the demurrer is overruled.