### HOLYFIELD v. GUARANTY TITLE & TRUST CO.
#### No. 412.

District Court, S. D. Texas, Corpus Christi Division.

April 6, 1938.

Kleberg, Eckhardt & Lowe, of Corpus Christi, Tex., for the motion.

Ward & Cameron, of Corpus Christi, Tex., opposed.

ATWELL, District Judge.

E. F. Jackson died intestate in Benton county, Ark., in January, 1931. The First

Mortgage & Investment Company was appointed administrator. When that company went into receivership in 1933, the plaintiff was appointed and is still serving. Jackson had assets in the state of Arkansas and also in the state of Texas. In the latter state there was real estate belonging to him in Nueces and Bee counties. The Guaranty Title & Trust Company, upon its application, was appointed administrator, by the probate court of Nueces county, Tex., on March 7, 1932, and is still acting. The plaintiff alleges that the Texas administrator has sold all of the real estate situated in Texas, except some lots in Bee county, which appear to have as much indebtedness against them as they are worth, and the administrator has on hand approximately $20,000. That during the course of the administration the probate court of Nueces county has allowed six large claims, four of which are held by creditors of the state of Arkansas, and two of which are held by creditors of Missouri. That these claims are void because they have already passed into judgments in those states and have been allowed in the parent administration in Arkansas. That a small claim of $100 for legal services and a claim for $600 to the widow of Jackson have also been allowed and paid by the Nueces court. That at the time of Jackson's death there were no creditors in Texas and no necessity for an administration there, except to pay the taxes that were due on the property and to convert the property into cash, all of which has now been done.

That the plaintiff has demanded of the Texas administrator the proceeds it has on hand, but that it has refused to pay the same to him. He asks for a judgment for the amount that is now held by the Texas administrator. That such judgment be certified to the probate court of Nueces county for observance.

The defendant contends that the plaintiff has no right to bring this suit; that it has not, as yet, finished its administration, and, further, and most serious of all, that it has been ordered to pay the Missouri and Arkansas claims, which aggregate more than the amount of money it has.

It is the rule in this state, as well as the rule in the nation, that when an ancillary administration has concluded its work of garnering and converting into cash, the funds shall be turned over to the parent administrator in the foreign state. Saner-Ragley Lbr. Co. v. Spivey, Tex.Com.App., 238 S.W. 912.

Apparently, the complication in the present situation is that the Texas court has allowed claims that should not have been allowed. The six claims from Missouri and Arkansas, based upon foreign judgments, are void, in so far as their right to be recognized in the Nueces county court is concerned. Stacy v. Thrasher, 6 How. 44, 12 L.Ed. 337; Johnson v. Powers, 139 U.S. 156, 159, 11 S.Ct. 525, 35 L.Ed. 112; Carrigan v. Semple, 72 Tex. 306, 12 S.W. 178; Turner v. Risor, 54 Ark. 33, 15 S.W. 13. But they have been allowed as claims and this court has no supervisory or appellate power over the probate court which made the orders. While it is true that void judgments may be ignored and fraudulent judgments may be set aside by the national court at the proper time, that proper time is after the judgments have become final. It must be assumed that the Nueces county court, upon proper application to rehear, will do what should be done with those claims that have no business there, and if it does not do so then it must be assumed that the appellate courts will order a refusal of approval.

Aside from those questions, however, there is an insuperable objection to the plaintiff's suit. As administrator of Benton county, Ark., he has no extraterritorial authority. His authority is local. As such, he cannot enter Texas courts. Ancillary letters in this state, where the statute does not give the right of entry, are necessary to support his appearance. Robinson v. First Nat. Bank of Plainview et al., 5 Cir., 55 F.2d 209, affirming same case, D.C., 45 F.2d 613; Moore v. Petty, 8 Cir., 135 F. 668.

A foreign administrator in Texas must show an ancillary grant of letters in this state, since no law of Texas confers upon him such privilege, or that the action upon which he declares is an assertion of his own right, or that the right has accrued directly to him through his contract or transaction. There is no exception to this rule. The cases cited by counsel for plaintiff do not support the position he takes. Neither Moore v. Petty, supra, nor Kane v. Paul, 14 Pet. 33, 10 L.Ed. 341, contain anything contrary to the general position just stated.

898

Moore v. Petty, supra, clearly asserts the right of entry for an administrator who asserts on his own right or upon a right which has accrued directly to him through his contract or transaction. Kane v. Paul was based upon a statute of the local state which authorized the appearance by an outside executor. Biddle v. Wilkins, 1 Pet. 686, 7 L.Ed. 315, shows that the administratrix was proceeding on a judgment which had been obtained by her as administratrix. The funds sued for here, though not original assets, arose, nevertheless, out of lands, converted into them, and they are the unadministered assets of the estate, arising wholly independent of and in no manner connected with the plaintiff, as administrator of the Arkansas court. Justice Story, in his Conflict of Laws, page 723, paragraph 514, said: "It is exceedingly clear that the probate grant of letters testamentary or of letters of administration in one country give authority to collect the assets of the testator or intestate only in that country and do not extend to the collection of assets in foreign countries." An administrator, as such, cannot intermeddle with the effects of his intestate in another state, unless permitted to do so by the laws of that state. Doe ex dem. Lewis v. McFarland, 9 Cranch 151, 3 L.Ed. 687. See, also, Hare v. Pendleton, Tex.Civ.App., 214 S.W. 948, 953, where it was observed that: "Our laws do not confer upon one holding a foreign appointment as executor or administrator authority to perform any official act in this state, either in controlling property belonging to the decedent, or in forcibly collecting debts due the estate."

It follows that the plaintiff's motion to dismiss must be sustained.