### A. H. CARRIGAN v. R. B. SEMPLE, ADMINISTRATOR.

#### No. 2484.

1. **Administration—Right of Action—Judgment.**—A judgment rendered in another State against an administrator who was appointed in such State confers no right of action against an administrator of the estate appointed by a Texas court, unless it be shown that there are assets in the hands of the Texas administrator which were assets in the hands of the administrator formerly appointed in such other State.

2. **Limitation.**—The laws of limitation of Texas apply in suits brought in her courts on contracts executed between parties in other States, and not the statutes of limitation applicable in the State in which the contract was made.

APPEAL from Fannin. Tried below before Hon. D. H. Scott.

The opinion states the case.

*Chas. D. Grace*, for appellant.—A claim for debt not barred by limitation in State where contracted, and same reduced to a judgment in same State against the representatives of the estate of the decedent, and the debt not satisfied under said judgment, may be the basis of suit against ancillary administrator of decedent's estate in another State, and the judgment rendered in State where testator died may be used in evidence in suit against said ancillary administrator. Arkansas Statutes, secs. 4483, 4484.

Statute of ten years applies to sealed instruments. Andrews v. Simmons, 33 Ark., 771; Dyer v. Gill, 32 Ark., 410.

The suit in Arkansas was a judicial interpellation which would stop running of limitation. Goodall v. Tucker, 13 How., 469.

We submit that Stephen Moore, deceased, having in his lifetime executed his promise to pay in writing and executed a mortgage on his lands in the State of Arkansas, the place of his domicile, and being subsequently sued and personal service had on him in life, and the judg-

ment had on the claim though against the administrator of his estate, yet being against the immediate successor of decedent in place of domicile of said Moore, deceased, does not bring the case within the reasoning of our Supreme Court in case of Jones v. Jones, 15 Texas, 463; Cherry v. Speight, 28 Texas, 503. In the former case the testator died in Texas; his estate in Texas; judgment against an ancillary administrator in State of Missouri years after the death of testator. In Cherry v. Speight the court seem to convey the idea that had the judgment sued on been from the proper court in the State of Mississippi the suit could have been maintained in the courts of this State. We maintain that there is a distinction between a judgment had against the immediate successor or administrator at the place of domicile of testator and an ancillary administrator in another State other than domicile of testator. We further say that unless fraud be shown the judgments of courts of a sister State must be received by our courts unless barred by limitation, otherwise it would be in contravention of article 4, section 1, Constitution of the United States. The judgment in this case is clearly in contravention of the Constitution of the United States.

*R. B. Semple,* for appellee.—A judgment against a foreign administrator can not be established as a claim against the estate administered in this State. Jones v. Jones, 15 Texas, 463; Cherry v. Speight, 28 Texas, 503.

Where a claim presented against the estate to the home administrator is barred at the time of its presentation by the laws of this State, the fact that such claim is not barred by the law of the domicile of the intestate or by the law of the place of the contract, does not authorize the approval of the claim by the home administrator. Gautier v. Franklin, 1 Texas, 732; Rev. Stats. of Texas, art. 3203; Angell on Lim., sec. 65.

STAYTON, CHIEF JUSTICE. — On December 18, 1878, Stephen Moore executed to appellant his promissory note due one day after date. Both Moore and Carrigan resided in the State of Arkansas, and on June 6, 1882, the latter brought suit on the note before mentioned in the Circuit Court for that State sitting in the county of Hempstead. Pending that suit Moore died and the administrator of his estate was made a party and against him a judgment was entered on January 4, 1883. That judgment decreed the foreclose of a mortgage given to secure the note, and under it the mortgaged land was sold and the proceeds applied in part satisfaction of the debt. This seems to have exhausted the assets of Moore's estate in the State of Arkansas. Some time prior to December 9, 1885, appellee was appointed administrator of the estate of Stephen Moore in Texas, and to him was presented the judgment before referred

to for allowance, the proper credits being allowed.    This was done on August 20, 1885, and the administrator rejected the claim.

On December 9, 1885, the note before referred to on which a judgment had been rendered in Arkansas, after being properly authenticated and credits for sum received on sale of property made in Arkansas allowed, was presented to the appellee for allowance, but was by him rejected.

This action was brought on December 30, 1885, to recover balance due on the note, and it may be conceded that both the note and judgment rendered in Arkansas are made the foundation of this action.

The defenses were a general demurrer, general denial, and plea of the statutes of limitation.

It is not shown that the administrator defendant has assets in his hands which were ever assets in the hands of the administrator appointed in Arkansas; and it must be deemed settled that a judgment rendered against an administrator in another State furnishes no right of action against an administrator appointed by the courts of this State in the absence of such showing.    Jones v. Jones, 15 Texas, 463; Cherry v. Speight, 28 Texas, 503; Aspden v. Nixon, 4 Howard, 467; Stacy v. Thrasher, 6 Howard, 57; Brodie v. Bickley, 2 Rawle, 436; McLean v. Meek, 18 Howard, 18; Low v. Bartlett, 8 Allen, 261; Ela v. Edwards, 13 Allen, 48; Slauter v. Chenowith, 7 Md., 211.

This is conclusive against the right of appellant to recover on the judgment.    It is insisted that the note sued upon was a sealed instrument, and under the law of the State of Arkansas not barred by the statutes of limitation unless ten years had expired after suit might have been brought.

That seems from the evidence offered to be the law in that State.

The statute in this State must however govern, and by that an action on the note was barred in four years, and the court below correctly so held.    Clay v. Clay, 13 Texas, 204; Allison v. Nash, 16 Texas, 561; McElmoyle v. Cohen, 13 Peters, 312; Bank v. Dalton, 9 Howard, 522; Angell on Lim., 65; Wood on Lim., 17–23.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Opinion December 14, 1888.