## LOUISVILLE AND NASHVILLE RAILROAD COMPANY *v.* DEER.

### ERROR TO THE SUPREME COURT OF THE STATE OF ALABAMA.

No. 164. Submitted December 14, 1905.—Decided January 2, 1906.

*Harris* v. *Balk,* 198 U. S. 215, followed to the effect that full faith and credit must be given to a judgment rendered against, and paid by, defendant as plaintiff's garnishee in a State, other than that in which plaintiff resides, and in which defendant does business and is liable to process and suit.

THE facts are stated in the opinion.

*Mr. George W. Jones* for plaintiff in error:

Full faith and credit should have been given by the Alabama courts to the judicial proceedings of said Florida court. The garnishment judgment and its payment in Florida constituted a complete defense to the suit in Alabama. The

failure to so .recognize it was a violation of § 1, Art. IV., Con-. stitution of the United States, and act of Congress, May 26, 1790, Rev. Stat., § 905.   See *Chi., R. I. & P. Ry. Co.* v. *Sturm,* 174 U. S. 710; *St. L. Ry. Co.* v. *Bartels,* 56 S, W. Rep.· 152; *Railway Co.* v. *Thompson,* 31 ·Kansas, 194; *Fithian* v. *Railroad Co.,* 31 Pa. St. 114; *Railroad Co.* v. *Crane,* 102 Illinois, 249; *Plimpton* v. *Bigelow,* 93 N. Y. 601.

The provisions of the Florida statutes were· strictly complied with· and· the statutes are valid.   *King* v. *Cross,* 175· U. S. 396; *Rothschild* v. *Knight,* 184 U. S. 341.   The Florida record was valid on its face.   *Maxwell* v. *Stewart,* 21 Wall. 71.   ·Foreign· corporations doing business by agents within a State are treated as residents of the State, and debts due from them to non-residents are garnishable in that State.   *Lancashire Ins. Co.* v. *Corbetts,* 165 Illinois, 592; *National Fire Ins. Co.* v. *Chambers,* 53 N. J. Eq. 468; *Selma· R. Co.* v. *Tyson,* 48 Georgia, 351; *German Bank* v. *Am. Fire Ins. Co.,* 83 ·Iowa, 491; *Consens* v. *Lovejoy,* ·81 Maine, 467; Root on Garnishment, § 245; *C., B. & Q. Ry. Co.* v. *Moore,* 31 Nebraska, 629, and · cases ·cited.

Unless .the full faith· and credit· contemplated by the pro- ·visions of the Federal Constitution; and the Federal statutes quoted, be given; the plaintiff in error must suffer by 'twice paying the ·same debt.   It has no· alternative.

If defendant in error was aggrieved at the Florida ·judgment, his remedy was by ·appeal· or other appropriate ·proceedings in the Florida court. · The Florida .judgment ·could not · be attacked collaterally in another. forum.   *Laing* v. *Rigney,* 160 U. S. 542.

There was no appearance for .defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action to recover a debt admitted to have been due to the plaintiff, the defendant in error.   But it was agreed

in the trial court that a suit was brought by one Brock against the plaintiff in Florida, in which the railroad company, the present plaintiff in error, was summoned as garnishee, judgment was recovered against the latter as such for the sum now in suit, and the sum paid by it into court, all before the present suit was begun. The proceedings in Florida were strictly in accordance with the laws of that State. The railroad company did business there and was permanently liable to service and suit, and the defendant, the present defendant in error, was notified by such publication as the statutes of Florida prescribed. He was not, however, a resident of the State, but lived in Alabama, and the Supreme Court of the latter State affirmed a judgment in his favor on the ground that the Florida court had no jurisdiction to render the judgment relied on as a defense.

Whatever doubts may have been felt when this case was decided below are disposed of by the recent decision in *Harris* v. *Balk*, 198 U. S. 215. There the garnishee was only temporarily present in Maryland, where the first judgment was rendered, and the defendant in that judgment was absent from the State, and served only as the defendant in error was served in Florida. Yet the Maryland judgment was held valid, and a decision by the Supreme Court of North Carolina denying the jurisdiction of the Maryland court was reversed. In the present case the railroad company was permanently present in the State where it was served. In view of the full and recent discussion in *Harris* v. *Balk* we think it unnecessary to say more.

*Judgment reversed.*