## CATE v. PERRY. (No. 736.)

Court of Civil Appeals of Texas. Waco. Nov. 8, 1928.

Rehearing Denied Dec. 13, 1928.

M. F. Cate and Morris Brin, both of Terrell, for appellant.

Thos. R. Bond, of Terrell, for appellee.

GALLAGHER, C. J. Appellant, M. F. Cate, sued appellee, Mrs. Minnie E. Perry, individually and as independent executrix of the will of her deceased husband, Louis C. Perry, to recover a balance alleged to be due on a promissory note executed by said Louis C. Perry and appellee and payable to Mrs. S. Antine Reed. Appellant alleged that Mrs. Reed was dead; that she left a will, and that the same had been duly probated in the state of Missouri; that her surviving husband, J. J. Reed, had duly qualified as executor thereof; and that he had for a valuable consideration indorsed and delivered said note to him. Appellee, among other defenses, pleaded the statute of limitation of four years.

The note sued on was dated August 15, 1914, and by its terms became due and payable one year after its date. It was for the sum of $1,500, with interest from date until paid at the rate of 8 per cent. per annum. It was executed by appellee and her deceased husband, Louis C. Perry, and payable to S. Antine Reed. The following credits were indorsed thereon: July 5, 1916, $171.45; October 17, 1919, $100; May 21, 1921, $170.15. Each of said indorsements was signed by the payee, S. Antine Reed. Said note also bore the following indorsement:

"On February 20th, 1924, I sold the property securing this note under the provisions of the deed of trust for $750.00. I paid the costs and expenses of foreclosure, amounting to $33.46, and I credit this note with the balance, $714.54.
"J. C. Edwards, Trustee."

When said note was executed and delivered, all the parties thereto resided in the state of Missouri. Said Reeds continued to reside therein until the death of Mrs. Reed. Her husband still resided therein at the institution of this suit. Louis C. Perry and his wife came to Texas in June, 1915, prior to the maturity of said note. They resided in Texas continually thereafter until his death, and appellee still resided therein at the time of trial. Said note was given as a part of the purchase price of a house and lot situated in Morrisville, Mo., and secured by a deed of trust thereon. Said house and lot were sold to a third party shortly before Perry and wife left Missouri to take up their residence in Texas. The testimony does not show by whom any of the first three payments credited on said note were actually made. Appellee testified that she did not make any of the payments so credited and that none of the

same were made by her deceased husband so far as she knew. Appellant pleaded and proved that, under the laws of the state of Missouri, a married woman could bind herself by a contract the same as a feme sole, and that actions on contracts in writing for the recovery of money were not barred by limitation until the lapse of ten years after the maturity thereof. This suit was instituted August 13, 1925.

There was a trial before the court, and judgment in favor of the defendant individually and also in her capacity as executrix of the will of her deceased husband. Said judgment is here presented for review.

## Opinion.

The court, at the request of appellant, filed findings of fact and conclusions of law, which disclose that the judgment rendered was based on the court's holding that appellant's cause of action was barred by article 5527 of our Revised Statutes, which provides that all actions for debt evidenced by or founded upon any contract of writing shall be commenced and prosecuted within four years after such cause of action shall have accrued, and not afterward. Appellant contends that the court erred in such holding. He further contends that, since the note sued on was executed and delivered in the state of Missouri, as a part of the purchase price of property situated therein, and since all the parties resided therein at the time, the laws of that state on the issue of limitation should control, and that, this suit having been instituted within ten years from the maturity of the note sued on as required by the laws of such state, his cause of action was not barred. Our Supreme Court, in Gautier v. Franklin, 1 Tex. 732, 736, at an early day declared the law of this state upon the issue here involved as follows:

"The validity, interpretation and obligation of contracts, depend on the laws of the country where the contract originated, but the remedy for the enforcement of the contract is a matter of municipal regulation, within the exclusive control of the sovereignty in whose forums the litigation is conducted; and whose regulations in relation to proceedings in suits must be complied with by all parties who have submitted to or been brought within the cognizance of her judicial tribunals."

The court in that case recognized the existence of exceptions to the rule so broadly stated, but none of such exceptions are applicable in this case. See, in this connection, 37 C. J. pp. 732, 733, §§ 50, 51. The rule so announced has been continuously and consistently followed by the courts of this state. Carrigan v. Semple, 72 Tex. 306, 308, 12 S. W. 178, 179; Allison v. Nash, 16 Tex.

561, 562; Clay v. Clay, 13 Tex. 195, 204; Tilliard v. Hall, 11 Tex. Civ. App. 381, 32 S. W. 863, 865, 866; Smith v. Webb (Tex. Civ. App.) 181 S. W. 814, 817, et seq. (writ refused) and authorities there cited; McDowell v. Collier & Son, 2 Wilson, p. 201, § 266. Said rule is in accord with the holdings of the federal courts and the courts of other states. 37 C. J. pp. 729, 730, § 47, and authorities cited in notes to such section. We are therefore of the opinion that the trial court correctly held that the limitation statute of this state must control.

Appellant contends that his cause of action for recovery on said note was not barred by the four-year statute, and that the court erred in so holding. This contention is based on the fact that said note was executed and delivered while all the parties thereto resided in the state of Missouri, and on the further fact that a credit was indorsed thereon on February 20, 1924, less than four years before the institution of this suit. Appellant insists that, since said note was a Missouri contract, the laws of that state control the effect of such credit on the issue of limitation. We may concede this contention. 37 C. J. p. 731, latter part of section 47. Appellant further insists that said indorsement was sufficient in itself under the laws of said state to toll the statute, and that the same constituted a sufficient acknowledgment of the debt evidenced by said note to support an implied promise to pay the remainder thereof. Said indorsement shows on its face that it arose from the application by a trustee of the proceeds of a sale by him of property on which a deed of trust had been given to secure said note. It is generally held that such a credit does not of itself interrupt the running of the statute. 37 C. J. p. 1154, § 631, and authorities cited in notes 91 and 92; 17 R. C. L. pp. 946, 947, § 310, and authorities cited in notes 2 and 3. While appellant specially pleaded that such indorsement was made on said note, he nowhere pleaded nor proved the law of the state of Missouri with reference to the effect of such indorsement on the issue of limitation. In the absence of such allegation and proof, our courts will presume that the law of said state on such issue is the same as our own. Blethen v. Bonner, 93 Tex. 141, 143, 53 S. W. 1016, and authorities there cited; Marshburn v. Stewart, 113 Tex. 507, 254 S. W. 942, 944, 260 S. W. 565. Under the express provisions of article 5539, Revised Statutes, such indorsement was ineffective to take the case out of the operation of our laws of limitation. The trial court therefore did not err in holding appellant's cause of action subject to the bar of our four-year statute.

Our holdings on the issues discussed control the disposition of this case. The judgment of the trial court is affirmed.