**HOME INS. CO. et al. (Compania General Anglo-Mexicana de Seguros, S. A.) v. DICK et al.** (No. 1235—5265.)

Commission of Appeals of Texas, Section A.
April 10, 1929.

Terry, Cavin & Mills, of Galveston, for plaintiffs in error.

. Williams, Neethe & Williams and John L. Darrouzet, all of Galveston, for Interveners.

Lockhart, Hughes & Lockhart, of Galveston, for defendant in error.

### Statement of the Case.

CRITZ, J. C. J. Dick filed suit in the district court of Galveston county, Tex., against Compania General Anglo-Mexicana de Seguros, S. A., hereinafter called the Mexican company, to recover $35,000 on a policy of fire insurance issued by the Mexican company on a boat of some character. It is alleged, and found by the trial court, that the boat was totally destroyed by fire and sunk in the harbor of Tampico, Mexico, on July 27, 1921, while the policy of fire insurance was in force. The Mexican company was a corporation incorporated under the laws of the Republic of Mexico, and had nö agent in this state. This company was cited in this cause by publication as provided under our statutes, and attorneys were appointed by the trial court to represent it. Said Mexican company answered by and through said attorneys alone.

Dick, the plaintiff in the original suit, sued out ancillary writs of garnishment against Home Insurance Company and Franklin Fire Insurance Company, with whom the Mexican Company had reinsured the risk, as garnishees of the Mexican company. The two garnishees are both American companies doing business in this state, and were duly served by service on their local agents, as required by the Texas statutes. The Texas & Gulf Steamship Company and Suderman & Young were allowed to intervene in the suit on grounds we are not here interested in.

On final trial in the district court, judgment was rendered against the Mexican company for $36,675, and against each of the garnishees for one-half that amount, $18,-337.50. The cases were duly appealed to the Court of Civil Appeals for the First District at Galveston, which court in all things affirmed the judgment of the trial court. 8 S.W.(2d) 354. . The cause is now before this court on writ of error granted on application of the three insurance companies.

The Court of Civil Appeals makes a very full and complete statement of the issues involved in this case, and, as such issues re-

quire a very extended statement, for the sake of brevity, we refer to the statement made by the Court of Civil Appeals, 8 S.W. (2d) pages 355 to 357, inclusive.

## Opinion.

The first assignment of error of the three insurance companies is as follows: "The policy upon which the main suit against the Mexican Company was based containing a contractual provision prohibiting suit thereon unless brought within one year from the date of the accrual of the cause of action, and this suit not having been filed within such period, and it being admitted by the demurrer filed by the Defendants in Error that such provision was valid under the laws of Mexico, where the contract was made, the Court of Civil Appeals erred in holding that this suit could be maintained, and in affirming the judgment against the Mexican Company and the American Companies as Garnishees, and erred in not sustaining the validity of such contractual provision." ·

As shown by the pleadings of the Mexican company, and the garnishees, the original insurance policy constituted a contract entered into in the Republic of Mexico, and contained the following stipulation:

"It is understood and agreed that no judicial suit or demand shall·be entered before any tribunal for the collection of any claim under this policy, unless such suits or demands are filed within one year counted as from the date on which such damage occurs."

"The present policy is subjected to the dispositions of the commercial code in that it does not alter or modify the stipulations which that same contains."

The insurance companies then pleaded articles 1038, 1039, and 1043, of the Mexican Commercial Code, which read as follows:

Article 1038: "The rights of action derived from commercial acts shall be subject to prescription in accordance with the provisions of this code."

Article 1039: "The periods fixed for the enforcement of rights of action arising out of commercial acts shall be fatal except restitution against the same is given."

Article 1043: "One year shall prescribe actions derived from contracts of life insurance, sea and land."

It will be seen from the above facts that the policy of fire insurance made the basis of this suit was barred by the statutes of limitation of the Republic of Mexico, at the time the suit was filed in the district court of Galveston county, Tex., but was not barred by any statute of limitation in this state. It therefore follows that, if the laws of limitation of Mexico, the place where the contract was made, must govern, then the pleas of limitation of the insurance companies should be sustained, but, on the other hand, if the laws of Texas, the lex forum, should govern, then the insurance companies are liable.

We are of the opinion that it is the settled law of this state that the contractual and statutory limitations pleaded by the insurance companies, lawful in the Republic of Mexico, are unenforceable in this state, because they are contrary to the statutory laws of Texas, and to the public policy of this state as expressed by the statutes and decisions of same, and because the question of limitation is one which depends upon the law of the forum. R. C. S. of Texas, art. 5545; Gautier v. Franklin, 1 Tex. 732; Carrigan v. Semple, 72 Tex. 306, 12 S. W. 178. We might cite numerous other authorities in this state and out of it holding that statutes of limitation relate only to the remedy, and are controlled by the law of the forum irrespective of the place of the contract, but we consider this question too well settled to require further discussion.

It is contended by the insurance companies that the statutes of Mexico above quoted are more than mere statutes of limitation, but are statutes of prescription, and operate not only to bar the right of recovery by limitation, but operate to kill the cause of action after the lapse of one year without· filing suit. We are of the opinion that there is no difference or distinction to be drawn between statutes of limitation and statutes of prescription so far as the application of the rule that the law of the forum governs. R. C. S. of Texas, 1925, art. 5545; Gautier v. Franklin, 1 Tex. 732.

However, even if it should be held that there is a distinction to be drawn between a prescriptive statute that kills the cause of action, and a statute of limitation that merely bars the right of recovery by limitation where limitation is pleaded, still in this case the result would be the same, as it is shown that Dick removed from Mexico a few days after the boat in question was destroyed, and has lived in Texas ever since. Under such circumstances a prescriptive statute of Mexico would be no defense in the courts of Texas. 37 C. J. p. 732, § 50, and notes; Atchison, T. & S. F. R. Co. v. Mills, 53 Tex. Civ. App. 359, 116 S. W. 853 (writ refused).

We have treated the three articles of the Mexican Code quoted as prescriptive statutes in the sense of operating to extinguish or kill the cause of action, which is more than a mere statute of limitation, though we do not know what construction has been placed thereon by the courts of that country. But regardless of whether they be mere statutes of limitation or statutes which operate to obliterate and kill, they come well within the provisions of article 5545 of our civil statutes, which prohibits any person, firm, or corporation, etc., from entering into any character of contract or agreement by reason whereof the time in which to sue is limited to

a shorter period than two years. If this statute can be avoided by making the contract kill the cause of action, instead of barring it by limitation, then it is a useless thing and amounts to nothing.

█ The insurance companies contend by their second assignment of error that, if article 5545, R. C. S. of Texas, 1925, be given the construction that it is applicable to a contract made under the laws of a foreign country containing a stipulation shortening the time for bringing the suit thereon to less than two years, such stipulation being valid under the laws of such foreign country, it is unconstitutional, in that it would violate Article 1, § 10 of the Constitution of the United States, in that it would thereby impair the obligation of a contract, and would violate the Fourteenth Amendment to the Constitution of the United States, in that it would deprive the defendant and the garnishees of property without due process of law.

█ Our answer to that is that it is well settled that parties have no constitutional rights in matters which are not a substantial part of the contract, but which refer to the remedy only. Statutes of limitation and agreed limitations have been uniformly held to affect the remedy only. Therefore, constitutional rights are not affected by a statute which shortens the limitation period or lengthens it unless the time to which the period of limitation is shortened is such that it practically deprives a party of property without due process of law. Campbell v. Holt, 115 U. S. 620, 6 S. Ct. 209, 29 L. Ed. 483; Landa v. Obert, 78 Tex. 46, 14 S. W. 297. In the above-cited case the Supreme Court of the United States says: "We are unable to see how a man can be said to have" a property right "in the bar of the statute as a defense to his promise to pay."

Of course, had both parties remained in the Republic of Mexico until the bar of the statutes of that country had actually and fully operated, a different question would be presented; and, under the rule that, where personal property is held adversely in one state for a sufficient length of time to acquire title thereto by prescription or limitation, such title will be recognized in other states, it might be that, under the statutes of Mexico, and the contract in question, this cause would be barred in Texas. 37 C. J. p. 732, § 50. No such question is presented in this case.

█ By proper assignment the insurance companies contend that the Court of Civil Appeals erred in holding that the trial court did not err in rendering judgment in favor of defendants in error and against the Mexican company, and the two garnishees, because no judgment could be rendered against the Mexican company cited by publication, and a nonresident of Texas, unless there is a valid garnishment, and the garnishment could not be valid on the ground that there was an indebtedness of the garnishees to the Mexican

company until and unless a valid judgment was rendered against the Mexican company, and, therefore, the garnishees were not subject to garnishment.

This assignment should be overruled. The record shows valid garnishments which impounded funds in this state in the hands of the two garnishees. These garnishees are insurance companies, doing business in Texas, having a permit from this state, and having local agents at Galveston, Tex., where they were served and have answered by reason of such service. Clearly, the test of jurisdiction for garnishment under all the authorities is whether or not the debtor (garnishee) is subject to suit at the hands of the creditors in the jurisdiction where the garnishment is sought. Missouri, K. & T. R. Co. of Texas v. Swartz, 53 Tex. Civ. App. 389, 115 S. W. 275; Bingenheimer Merc. Co. v. Weber, 49 N. D. 312, 191 N. W. 620, 27 A. L. R. 1395; Chicago, R. I. & P. R. Co. v. Strum, 174 U. S. 710, 19 S. Ct. 797, 43 L. Ed. 1144; Harris v. Balk, 198 U. S. 215, 25 S. Ct. 625, 49 L. Ed. 1023, 3 Ann. Cas. 1084; Louisville & N. R. Co. v. Deer, 200 U. S. 177, 26 S. Ct. 207, 50 L. Ed. 426.

█ It is also well settled that foreign insurance companies doing business by agents within a state are treated as residents of the state, and debts due from them to nonresidents are garnishable in the state where they are doing business. Louisville & Nashville Ry. Co. v. Deer, 200 U. S. 177, 26 S. Ct. 207, 50 L. Ed. 426; Lancashire Ins. Co. v. Corbetts, 165 Ill. 592, 46 N. E. 631, 36 L. R. A. 640, 56 Am. St. Rep. 274: National Fire Ins. Co. v. Chambers, 53 N. J. Eq. 468, 32 A. 663; Fithian v. New York & E. R. Co., 31 Pa. 114; Selma, R. & D. R. Co. v. Tyson, 48 Ga. 351; German Bank v. American Fire Ins. Co., 83 Iowa, 491, 50 N. W. 53, 32 Am. St. Rep. 316; Cousens v. Lovejoy, 81 Me. 467, 17 A. 495; Burlington & M. River R. Co. v. Thompson, 31 Kan. 194, 1 P. 622, 47 Am. St. Rep. 497.

█ In this connection it will be noted that the three insurance companies urge that there was no debt due from the two American companies to the Mexican company. We cannot sustain this contention. The rule is that a debt arises between the original insurer and the reinsurer immediately upon the happening of a loss under an insurance policy. Allemannia Fire Ins. Co. of Pittsburg, Pa., v. Firemen's Ins. Co. of Baltimore, 209 U. S. 326, 28 S. Ct. 544, 52 L. Ed. 815, 14 Ann. Cas. 948. Also the boat being a total loss, the claim was liquidated and subject to garnishment. Of course the judgment against the Mexican company cannot have the effect of a personal judgment, but is only a judgment in rem.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.