## BRODERICK, Superintendent of Banks of State of New York, v. PARDUE.

### No. 9864.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 25, 1936.

Rehearing Denied Feb. 24, 1937.

Moursund, Moursund & Bergstrom, Frederick C. Felty, and Wm. E. Remy, all of San Antonio, for appellant.

Arnold & Cozby, of San Antonio, for appellee.

BOBBITT, Justice.

Joseph A. Broderick, in his capacity as superintendent of banks of the state of New York, in charge of the Bank of United States, in liquidation, same being a state banking corporation, incorporated under the laws of the state of New York, and having its domicile in said state, as plaintiff, filed this suit against Howard N. Pardue, as defendant, on October 16, 1934, in the justice court of Bexar county, Tex., said defendant being a resident citizen of Bexar county.

Plaintiff alleged that on December 11, 1930, the defendant was a stockholder in said bank, being the owner of five shares of stock of the par value of $25 per share, and aggregating $125; that on December 11, 1930, said bank closed its doors, and its assets placed in the hands of said superintendent of banks for liquidation; that on July 1, 1932, said superintendent levied a 100 per cent. stock assessment against all stockholders, including an assessment of $125 against the defendant, and that this assessment became due and payable on August 8, 1932. The plaintiff prayed judgment against the defendant for said $125, with interest thereon from August 8, 1932, together with costs.

Both parties filed written pleadings in the justice court, and these same pleadings constituted the pleadings of the parties upon the trial on appeal to the county court.

The suit not having been filed within two years after August 8, 1932, the date on which the assessment became due and payable (if at all), the defendant specially pleaded the two-year statute of limitations under the laws of the state of Texas (Vernon's Ann.Civ.St. art. 5526), in bar of the plaintiff's demand.

The case was tried in the justice court on November 20, 1934, and resulted in a judgment in favor of the defendant, from which judgment the plaintiff appealed to the county court at law No. 1 of Bexar

county, Tex., and the case was there tried before the court, without a jury, on the "same written pleadings" as were filed in the justice court, with the sole exception that George W. Egbert, as superintendent of banks of the state of New York, who had succeeded Broderick, was there substituted as the plaintiff in the place and stead of the original plaintiff. The trial in the county court was had on June 5, 1935, and the court took the matter under advisement, and on June 25, 1935, rendered judgment in favor of the defendant; from which judgment the plaintiff has perfected his appeal to this court.

It is clear that more than two years had elapsed from the date of the accrual of plaintiff's claim and prior to the date he filed this suit.

If the two-year statute of limitation of the state of Texas, as urged by the defendant, applies in this case, then, of course, plaintiff's cause of action is barred. If, on the other hand, the two-year statute of limitation generally prescribed in the state of Texas, as barring such claims, is not applicable, but that the six-year statute of limitation prescribed by the state of New York (Civil Practice Act N.Y. § 48), relating to such claims, is applicable, and if under the record before us plaintiff complied with the law of this state in pleading and proving the existence and provisions of such foreign statute as facts, in the trial of this case, then the claim is not barred, and plaintiff is entitled to recover, and the judgment of the trial court should be reversed.

It seems clear to us, therefore, that there are two material questions presented in this appeal:

First, whether the two-year statute of limitation under the laws of the state of Texas applies, or whether the six-year statute of limitation of the state of New York should be given effect.

Second, if such statutes of the state of New York apply, then under the record here presented did plaintiff comply with the law and the requirement to both "plead and prove" the existence and provisions of such New York statute of limitation. In other words, even if the New York statutes apply, under the particular facts and circumstances of this case, such foreign statutes must in fact be pleaded and then proved, as other facts, and the failure, either by proper pleading or proof, to comply with such rule, is fatal.

Defendant, Howard N. Pardue, is a citizen and a resident of Bexar county, Tex., and has been such at all times. He has never lived in the state of New York.

It seems to us that the general rule, and the one well established in this state, that the law of the lex fori governs in such a case as here, and that it should be applied in this instance. Articles 5542, 5543, R.S. 1925; Gautier v. Franklin, 1 Tex. 732; Carrigan v. Semple, 72 Tex. 306, 12 S.W. 178; Washington Life Ins. Company v. Gooding, 19 Tex.Civ.App. 490, 49 S.W. 123; Cate v. Perry (Tex.Civ.App.) 11 S. W.(2d) 352; Atchison, T. & S. F. Railway Company v. Mills, 53 Tex.Civ.App. 359, 116 S.W. 852; Home Insurance Company v. Dick (Tex.Com.App.) 15 S.W.(2d) 1028; 28 Tex.Jur. p. 92; Ross v. Kansas City S. R. Co., 34 Tex.Civ.App. 586, 79 S.W. 626.

We are not unmindful of the contention made by plaintiff to the effect that, where a right is created by statute, and which right does not exist at common law, a distinction may arise or exist in the enforcement of such right in a foreign jurisdiction. That is, plaintiff asserts that where a statute confers a new right which by the terms of the act creating same is enforceable by suit only within a given period of time, the period allowed for its enforcement is a constituent part of the liability intended to be created and of the right intended to be conferred; that the period prescribed for bringing suit in such case is not like an ordinary statute of limitation which merely affects the remedy; that, if the courts of another state refuse to permit the cause of action to be sued upon or judgment taken thereon during a part of the period limited by the foreign law, then to that extent they refuse to give effect to the law of the foreign state, and by so doing impair the right intended to be created. Brunswick Terminal Co. v. National Bank of Baltimore (C.C.A.) 99 F. 635, 48 L.R.A 625, writ of certiorari refused 178 U.S. 611, 20 S.Ct. 1029, 44 L. Ed. 1215; Northern Pac. Ry. Co. v. Crowell et al. (D.C.) 245 F. 668; Richards, State Supt. of Banks, v. Carpenter (C. C.A.) 261 F. 724; Bernheimer v. Converse, 206 U.S. 516, 27 S.Ct. 755, 51 L.Ed. 1163; Converse v. Hamilton, 224 U.S. 243, 32 S.Ct. 415, 56 L.Ed. 749, Ann.Cas.1913D, 1292; Theroux v. Northern Pacific Railroad Co. (C.C.A.) 64 F. 84; Negaubauer v. Great Northern Railroad Co., 92 Minn. 184, 99 N.W. 620, 104 Am.St.Rep. 674, 2

Ann.Cas. 150; Christilly v. Warner, 87 Conn. 461, 88 A. 711, 51 L.R.A.(N.S.) 415; Keep v. National Tube Co. (C.C.) 154 F. 121.

We do not believe that such rule applies under the well-established decisions of the Supreme Court of this state, and as applied to the facts of the case as here presented.

The rule in Texas is that, if such foreign statute as here attempted to be applied, "limits or restricts" the time within which a claim may be barred under the laws of Texas, it would be recognized as fair to a citizen of Texas, under the declared public policy and the law prescribing same, and would be given effect in Texas' courts. If, however, such foreign statute has the effect of "enlarging or extending" the time prescribed by the laws of Texas for the bringing of a suit to enforce a claim, such as here attempted, then it will not be recognized or enforced by the courts of this State. Articles 535, 5526, R.S.1925; Ruling Case Law, vol. 17, p. 700; Rose v. First State Bank (Tex.Civ.App.) 38 S.W. (2d) 863; Id., 122 Tex. 298, 59 S.W.(2d) 810; Shaw v. Bush (Tex.Civ.App.) 61 S.W.(2d) 526; Miller v. Lane, 160 Cal. 90, 116 P. 58; Great Western Teleg. Co. v. Purdy, 162 U.S. 329, 16 S.Ct. 810, 40 L. Ed. 986; Irvine v. Elliott (D.C.) 203 F. 82; Home Insurance Company v. Dick, supra.

As a matter of fact, it seems to us that the contention made by appellant is sound, and would be applied under laws and decisions of the courts of Texas, if plaintiff and defendant had both resided in the state of New York for the length of time prescribed by the statute of New York for the bringing of such suit to enforce the claim and the defendant had then moved to Texas and plaintiff was seeking, in the Texas courts, to proceed for the collection of such claim, and if the period of limitation existing and asserted under the statute of New York in fact limited or restricted the rights of the defendant under the laws of Texas. The fact here is, however, that the defendant never lived in the state of New York, and that the period of time allowed by the New York statute within which suit might be brought is six years, while in the state of Texas it is two years; and plaintiff's effort under the provisions of such New York statute is clearly an effort to "enlarge or extend" the rights of plaintiff against the defendant, in the courts of our state and contrary to the laws of Texas, and contrary to the decisions of the Supreme Court of this State, and such effort is unenforceable.

If, however, we may be mistaken in our opinion as above stated, it seems clear to us that the judgment of the trial court in this cause must be affirmed, for the reason that the record clearly shows that plaintiff failed to "plead" the provisions of the particular statutes of the state of New York here sought to be applied and enforced. Though it is elementary, and as above suggested, that the provisions of a foreign statute must be both properly pleaded and proved as a fact in the courts of our state, as any other fact, and the failure of the party so to do is fatal to his cause of action, plaintiff here asserts that, this suit having originated in the justice court, where oral pleadings are sufficient, and the cause having been appealed to and tried in the county court de novo, this court as well as the county court should presume that plaintiff had met this test because of the law of our state authorizing oral pleadings in the justice court. If the record before us were silent on this question, there would be some merit to plaintiff's contentions, and it may be in such case that the courts should indulge such presumption. In view of the record before us and findings of fact, however, made by the county court in the judgment here entered, that this case was therein tried on the "same written pleadings as were filed in the justice court," plaintiff's contention must be overruled.

For the reasons stated, it is our opinion that the court below entered the proper judgment in this cause, and the action of such court is therefore in all things affirmed.

### On Motion for Rehearing.

SMITH, Chief Justice.

In deference to appellant's motion for rehearing, we deem it appropriate to further discuss the question of the sufficiency of appellant's pleading to entitle him to urge the provisions of the statutes of the state of New York fixing a period of six years in which suits may be brought upon bank stock assessments arising under the laws of that state. We adhere to the holding in the original disposition that appellant did not efficiently plead that provision of the New York statute, and prefer to base the judgment of affirmance solely

upon that holding, rather than upon both it and the further holding that, even if the New York statute had been sufficiently pleaded, its provisions would not prevail over the provisions of the Texas two-year statute of limitation.

Appellant alleged, in his written pleading, the facts that he was legally appointed and qualified as superintendent of banks of the state of New York; that the bank in question was duly incorporated under "the laws" of that State; that said bank and its assets were placed in the hands of said superintendent for liquidation; that said superintendent took over the affairs of said bank "pursuant to the provisions of section 57 of the Banking laws of said State," and proceeded, after due notice, with the liquidation thereof, "pursuant to section 72 of the Banking Law"; that "by reason of the premises" said bank defaulted in the payment of its debts and liabilities; that appellee was a stockholder in said bank, owning five shares of the capital stock thereof, of the par value of $125; that appellant determined "as provided by law" that the stockholders, including appellee, were liable for the full value of their stock, and so assessed said stockholders, "as authorized and provided by law in such cases"; that appellant gave due notice to appellee of said assessment, "and demanded payment therefor, all as provided by law in such cases." That: "5. By reason of the premises the said liability of the defendant, as a stockholder of the Bank of United States, became and was liquidated and a debt owing by him to the Superintendent of the Banks of New York in his said official capacity, and became and was due and payable, and defendant became obligated, liable and bound to pay the said amount of the said assessment against him to the Superintendent of Banks of New York and his lawful assigns, as provided by the constitution and laws of the State of New York, but though often demanded, defendant has failed and refused and still fails and refuses to pay the same or any part thereof."

It will be observed that the provisions of sections 57 and 72 of the Banking Law of New York were specifically pleaded, but no other particular provision thereof was pleaded, specifically or by direct or remote reference, or otherwise. The provisions of sections 57 and 72, specifically pleaded, as stated, did not include any provision as to the time within which suits to enforce the liability therein fixed must or may be instituted, which provision, it appears from the record, is set out in section 120 of those laws. That section, nor any of the provisions thereof, were alluded to in the petition, nor was it anywhere alleged in said pleading that suits upon said obligation could or should be brought within a particular period, or that the period of limitation fixed by the statutes of New York in such suits differed from the period prescribed by the laws of Texas in like actions. We conclude, therefore, that appellant did not efficiently plead the statutes of New York upon which he relied, with reference to the time of bringing this suit. Express mention of sections 57 and 72, and of the provisions thereof, had the effect of excluding section 120 and its provisions from the pleading.

The general allegation in the petition that, by reason of the premises alleged therein, appellee became liable to appellant "as provided by the Constitution and laws of the State of New York," which amounts to no more than a general reference to the whole body of the Constitution and general and special laws of that state, was not an efficient pleading of a particular provision of the banking laws of that state fixing the period within which suit may be brought upon the peculiar cause of action alleged, which period differed from, and was in contravention of, the limitation laws of this state.

■ Appellant further relies upon the asserted presumption that he supplemented his written pleading with such oral amendments as would entitle him to assert and enforce his cause of action. The rule in this state is that in cases originating in the justice's court, and on appeal from the latter to the county court, the parties may plead orally, or in writing, or both orally and in writing; that, where written pleadings are filed by a party, he may supplement the same by oral amendments. This rule is elemental, and is based upon article 2388, R.S.1925.

This rule is extended by decisions to the effect that, in the absence of a bill of exception or other record evidence showing the contrary, it will be presumed on appeal that written pleadings in justice of the peace courts were supplemented by oral amendments curing any defects in, or supplying any omissions from, the written pleadings. Hart v. Wilson (Tex.Civ.App.)

53 S.W.(2d) 1029, and authorities there cited.

That presumption, however, will be indulged on appeal only when it is essential to support the judgment of the trial court. It will not be given effect to nullify such judgment. Hart v. Wilson, supra. That being the rule, the presumption here invoked by appellant will not be indulged for the purpose of overturning the judgment appealed from.

Moreover, we conclude that the record shows, affirmatively that the appellant did not supplement his written pleading with oral amendments for any purpose.

█ The statute authorizing oral pleadings in justice of the peace courts provides, and contemplates, that a brief statement of such oral pleadings shall be "noted on the docket." Article 2388, R.S.1925. The transcript of the case from the justice of the peace court contains no other reference to the pleadings than that it is a "suit upon debt for $125." In such case the rebuttable presumption is that no oral pleadings other than that stated were made in justice of the peace court, and that presumption is made conclusive in this case by the agreement of the parties, in a stipulation filed in the county court, that, "upon the trial of the case in the justice court, the plaintiff (appellant) pleaded as set forth in plaintiff's original petition, which was in writing and is now on file among the papers in this cause," and that, except for the substitution of parties plaintiff, "the pleadings of both parties were the same as their pleadings in the justice court." And, further, the judgment in the county court embraced a specific finding of the trial judge, that "this cause now comes on for trial, de novo, before this said court, on the same written pleadings as were filed in said justice court." We conclude from these matters of record that appellant presented no oral pleadings in aid of his written petition, and that that petition did not efficiently plead the provision of the New York statute that suits upon obligations such as that in suit may be brought at any time within six years of the accrual of the cause of action. Appellant not having pleaded the provisions of that statute, which was essential to his right of recovery, the judgment has been properly affirmed.

In view of the foregoing conclusions, which were expressed more generally in the original disposition, the conclusions expressed in the original opinion upon the question of whether the New York statute, or that of this state, applies to this action, are not necessary to this decision. As this court has considerable doubt as to the correctness of some of those conclusions, they are hereby withdrawn, and the decision made to rest solely upon the insufficiency of appellant's pleadings to entitle him to recover.

The motion for rehearing is overruled.