## GAYNOR v. METALS RESERVE CO.
### No. 13856.

United States Court of Appeals
Eighth Circuit.

May 6, 1949.

Rehearing Denied Aug. 3, 1949.

See also 166 F.2d 1011.

Robert B. Pike, of Sioux City, Iowa (Francis J. Parker, of Deadwood, S. D., on the brief), for appellant.

Roswell Bottum, of Rapid City, S. D. (Hubbard F. Fellows, of Rapid City, S. D., on the brief), for appellee.

Before SANBORN, THOMAS and JOHNSEN, Circuit Judges.

PER CURIAM.

This action was originally brought by appellant Gaynor against the Metals Reserve Company and another to recover $12,956.49 for sheet mica sold and delivered by plaintiff to defendant in South Dakota, and to recover the further sum of $20,868.96 for damages for failure of defendant to accept certain products offered by plaintiff. The action was begun on the 30th day of March, 1945. On June 3, 1947, the defendant filed a motion to dismiss which was sustained, and on appeal to this court reversed and the case remanded. 8 Cir., 166 F.2d 1011. Upon trial to the court the cause of action was dismissed on the ground that the plaintiff had failed to prove his alleged cause of action by competent evidence, and from that judgment this appeal was taken.

The Metals Reserve Company was a corporation created by the Reconstruction Finance Corporation, an instrumentality of the United States Government.

Congress dissolved the Metals Reserve Company and other corporations as of July 1, 1945, in the Joint Resolution of June 30, 1945, 59 Stat. 310.[1]

The Defense Supplies Corporation, one of the corporations so dissolved had, in 1944, brought an action in the District Court for the Northern District of California against Lawrence Warehouse Company for damages. There was a judgment for the plaintiff entered in January, 1946, from which an appeal was taken to the Ninth Circuit Court of Appeals. On appeal the judgment was vacated and the action ordered dismissed. Defense Supplies Corp. v. Lawrence Warehouse Co., 9 Cir., 168 F. 2d 199. The question of the jurisdiction of the court was there raised, and the Supreme Court granted certiorari, 335 U.S. 857, 69 S. Ct. 132.

By the terms of the joint resolution all the functions, powers, duties and authority of the corporations dissolved, together with their assets and liabilities, were transferred to the Reconstruction Finance Corporation. Section 2 of the Resolution provided that the Reconstruction Finance Corporation "shall assume and be subject to all liabilities" of the dissolved corporation, and that "No suit, action, or other proceeding lawfully commenced by or against any of such corporations shall abate by reason of the enactment of this joint resolution, but the court, on motion or supplemental petition filed at any time within twelve months after the date of such enactment, showing a necessity for the survival of such suit, action, or other proceeding to obtain a determination of the questions involved, may allow the same to be maintained by or against the Reconstruction Finance Corporation."

The case was considered by the Supreme Court and by unanimous opinion of that

---

[1] "Resolved by the Senate and House of Representatives of the United States of America in Congress assembled, That, notwithstanding any other provision of law, all functions, powers, duties, and authority of the corporations hereinafter designated, are hereby transferred, together with all their documents, books of account, records, assets, and liabilities of every kind and nature, to Reconstruction Finance Corporation and shall be performed, exercised, and administered by that Corporation in the same manner and to the same extent and effect as if originally vested in Reconstruction Finance Corporation, and the designated corporations are hereby dissolved: Defense Plant Corporation, Metals Reserve Company, Rubber Reserve Company, and Defense Supplies Corporation, created by Reconstruction Finance Corporation pursuant to the Act of June 25, 1940 (54 Stat. 572), and Disaster Loan Corporation, created by the Act of February 11, 1937 (50 Stat. 19), are hereby designated as the corporations to which this joint resolution applies.

"Sec. 2. The Reconstruction Finance Corporation shall assume and be subject to all liabilities, whether arising out of contract or otherwise, of the corporations dissolved by this joint resolution. No suit, action, or other proceeding lawfully commenced by or against any of such corporations shall abate by reason of the enactment of this joint resolution, but the court, on motion or supplemental petition filed at any time within twelve months after the date of such enactment, showing a necessity for the survival of such suit, action, or other proceeding to obtain a determination of the questions involved, may allow the same to be maintained by or against the Reconstruction Finance Corporation.

"Sec. 3. This joint resolution shall take effect on July 1, 1945." 59 Stat. 310, 15 U.S.C.A. § 611 note.

Court entered April 18, 1949, 336 U.S. 631, 69 S.Ct. 762, 764, the Court held "The statute states categorically that 'no action shall abate.' Following that command, provision is made for substituting Reconstruction Finance. If Reconstruction Finance is not substituted within one year, the action by or against Defense Supplies is of course, at an end and the parties are left in statu quo;" and the Court concluded that "the Court of Appeals was without jurisdiction to review the merits of the cause, since respondents called for review after the period given for substitution had expired."

Decision of the Supreme Court in that case is binding here. Plaintiff Gaynor at no time filed a motion or supplemental petition asking that he be allowed to maintain his action against the Reconstruction Finance Corporation. As a result, on July 1, 1946, the action against Metals Reserve Company "was at an end", and this court is without jurisdiction to review the merits of the case on appeal, and the district court is without jurisdiction to try the issues involved.

Accordingly the appeal is dismissed.