**KEYS v. PULLMAN CO. et al.**

**Civ. A. No. 4787.**

United States District Court
S. D. Texas, Houston Division.

Dec. 14, 1949.

---

Allen, Smith & Neal (J. Edwin Smith) and Foreman & Eddy, of Houston, Tex., for plaintiff.

Kelley, Mosheim & Ryan (T. E. Mosheim and C. O. Ryan), of Houston, Tex., for defendants.

KENNERLY, Chief Judge.

This is a suit by plaintiff, Novelette Keys, a citizen of Texas, against defendants, The Pullman Company and The Pennsylvania Railroad Company, corporations organized under the Laws of the States of Illinois and Pennsylvania, respectively, for damages for the death of her husband, Lee Keys, which occurred in the State of Pennsylvania on February 28, 1947. This is a hearing on defendants' Motion to Dismiss.

For the purposes of such Motion, the facts have been agreed to substantially as follows:

(a) Plaintiff, Novelette Keys, is the surviving wife of Lee Keys. Both were on and prior to February 28, 1947, citizens and residents of Houston, Texas, in this District and Division. After February 28, 1947, plaintiff continued to reside and still resides in Houston. Lee Keys was a porter in the employ of The Pullman Company.

(b) On or about February 28, 1947, Lee Keys was performing his duties as porter on the Pullman car "Cascade Mirage", which was being hauled on that date in a passenger train on the line of defendant The Pennsylvania Railroad Company.

(c) While such train was passing through the State of Pennsylvania, and while near the town of Altoona, Pennsylvania, such Pullman Car became disconnected from the train, rolled down a mountainside, crashed into an embankment along the roadbed, and overturned, inflicting injuries on Lee Keys, from which he died at 4:08 A.M., Eastern Standard Time, February 28, 1947. Such accident, Lee Keys' injuries, and his death all occurred in the State of Pennsylvania.

(d) Word of Lee Keys' death reached his wife, plaintiff Novelette Keys, at Houston, Texas, about three hours later, or at approximately 7:00 A.M., Central Standard Time, February 28, 1947. Novelette Keys, upon receiving news of the death of her husband, became hysterical and immediately became of unsound mind, and so remained until the 8th day of January, 1948.

(e) She was adjudged to be a person of unsound mind and a guardian was appointed both for her person and estate on or about 29th day of May, 1947, by the Probate Court of Harris County, Texas. She became sane, as stated, on or about the 8th day of January, 1948, and was found to be sane by a Jury in the District Court of Harris County on or about the 25th day of January, 1949, and so adjudged by such Court on or about February 2, 1949. This suit was filed in this Court January 28, 1949.

1. It is clear that if plaintiff recovers here, she must do so under the Pennsylvania Statute, which is shown in the margin.[1] The question for decision here arises

---

[1]. Sections 1601 to 1603 of 12 Purdons Pennsylvania Statutes are as follows:

"Section 1601. Action may be brought after death of party injured.

under Section 1603, reading as follows (italics mine):

"Section 1603. Statement of parties to be made in declaration.

"The declaration shall state who are the parties entitled in such action; *the action shall be brought within one year after the death, and not thereafter*. (1855, April 26, P.L. 309, § 2.)"

Defendants claim that the italicized portion of Section 1603 with respect to the bringing of the action within one year of the death, and not thereafter, is not merely a statute of limitation affecting the *remedy*, but under such wording, the *right* of plaintiff to bring this suit expired one year after the death of Lee Keys. And that therefore, this action not having been brought within such one year, their Motion to Dismiss should be granted.

The trend of decision and perhaps the weight of authority in the Federal Appellate Courts is that the above italicized wording in Section 1603 is not an ordinary Statute of Limitation, but that it conditions plaintiff's right of action.[2] But I think the weight of authority in the Appellate Courts of Pennsylvania is that it is only an ordinary Statute of Limitation.[3] In the Rosenzweig case, upon which defendants apparently most strongly rely, it is said in speaking of this Section: "Appellee's attorneys take the position that the Pennsylvania act is not a general statute of limitation; that when a cause of action is created by a statute which limits the time within which an action may be commenced, such limitation, whether accompanied by express words of condition or not, is regarded as a limitation or condition of the cause of action itself. While certain cases from other jurisdictions apparently so hold, we think our own decisions heretofore cited foreclose the question against appellee's contention. The very language of the act marks it as a statute of limitation, not as one conditioning the right of action."

■ I follow the Pennsylvania Courts and hold Section 1603 to be only an ordinary Statute of Limitation.

■■ 2. This being true, the question arises of whether the one year statute of limitation of Pennsylvania, or the two year statute of limitation of Texas, Vernon's Ann.Civ.St. art. 5526, where this suit has been brought and is pending, is applicable. It has been held that in diversity of citizenship cases, such as this is, the rule of con-

---

"Whenever death shall be occasioned by unlawful violence or negligence, and no suit * * * be brought by the party injured during his or her life, the widow of any such deceased, or if there be no widow, the personal representatives may maintain an action for and recover damages for the death thus occasioned. (1851, April 15, P.L. 669, § 19.)"

"Section 1602. Persons entitled to maintain action for injuries causing death.

"The persons entitled to recover damages for any injuries causing death shall be the husband, widow, children, or parents of the deceased, and no other relatives; and that such husband, widow, children or parents of the deceased shall be entitled to recover, whether he, she, or they be citizens or residents of the commonwealth of Pennsylvania, or citizens or residents of any other State or place subject to the jurisdiction of the United States, or of any foreign country, or subjects of any foreign potentate; and the sum recovered shall go to them in the proportion they would take his or her personal estate in case of intestacy, and that without liability to creditors under the law of this Commonwealth. (1855 April 26, P.L. 309, § 1; 1911, June 7, P.L. 678, § 1.)"

"Section 1603. Statement of parties to be made in declaration.

"The declaration shall state who are the parties entitled in such action; the action shall be brought within one year after the death, and not thereafter. (1855, April 26, P.L. 309, Section 2.)"

2. Hughes v. Lucker, 3 Cir., 174 F.2d 286; (The Katahdin, The Tokuyama Maru) D.C., 4 F.Supp. 180; The Harrisburg, 119 U.S. 199, 214, 7 S.Ct. 140, 30 L.Ed. 358; Western Fuel Co. v. Garcia, 257 U.S. 233, 238, 42 S.Ct. 89, 66 L.Ed. 210.

3. Rosenzweig v. Heller, 302 Pa. 279, 153 A. 346, 348; Smith v. Pennsylvania R. Co., 304 Pa. 294, 156 A. 89; Ratto et al. v. Pennsylvania Coal Co., 102 Pa. Super. 242, 156 A. 749; Martin v. Pittsburg Rys. Co., 227 Pa. 18, 75 A. 837, 26 L.R.A.,N.S., 1221, 19 Ann.Cas. 818; Prettyman v. Irwin, 273 Pa. 522, 117 A. 195. Labar v. New York, S. & W. R. Co., 218 Pa. 261, 67 A. 413.

flict of laws applicable in the State where the Federal Court in which the suit is brought sits, is controlling.[4] The weight of authority in Texas[5] compels the application in this case of the Texas Statute of Limitation, rather than the Pennsylvania Statute. Under the Texas two year statute of limitation, plaintiff's claim is not barred, and defendants' Motion to Dismiss should be and is denied. Let proper Order be drawn and presented accordingly.

4. Griffin v. McCoach, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481, 134 A.L.R. 1462; Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477.

5. Texas Revised Civil Statutes of 1925, Article 4678. Gautier v. Franklin, 1 Tex. 732; Home Ins. Co. v. Dick, Tex.Com. App., 15 S.W.2d 1028; Carrigan v. Semple, 72 Tex. 306, 12 S.W. 178; Atchison, T. & S. F. Ry. Co. v. Mills, 53 Tex. Civ.App. 359, 116 S.W. 852; Smith v. Webb, Tex.Civ.App., 181 S.W. 814.