Clair EVERS, Plaintiff,

v.

Bass POWELL, Defendant.

Civ. A. No. 63–H–348.

United States District Court
S. D. Texas,
Houston Division.

May 27, 1964.

Murfee, Hoover & Stillwell, Monroe Northrop, Houston, Tex., for plaintiff.

Baker, Botts, Shepherd & Coates, Walter E. Workman, Houston, Tex., for defendant.

INGRAHAM, District Judge.

The case is before the court on defendant's motion for summary judgment.

Plaintiff, Clair Evers, is a citizen and resident of the State of Kansas, while the defendant, Bass Powell, is a citizen and resident of the State of Texas. The original complaint alleges that plaintiff was injured due to the negligence of one of defendant's employees at Dodge City, Kansas, on December 5, 1959. After an answer in which such negligence was denied, defendant moved this court to grant summary judgment on the grounds that (1) the statute of limitations has run both in Kansas and in Texas on the alleged injury occurring in December 1959, and (2) that a judgment in the District Court of Ford County, Kansas, under the doctrine of res judicata, forever bars plaintiff from asserting any further claims against the defendant based upon the alleged events, occurrences, and facts asserted in this petition. Plaintiff argues (1) that the present suit is on a *new* cause of action created by Kansas statute G.S.1949, 60–311, which is coextensive with the dismissed cause of action upon which the statute of limitations has run, and (2) that the bar of res judicata is not applicable since the previous suit was advanced on a misconceived theory. Supporting affidavits were filed on behalf of both parties.

The undisputed facts are generally as follows: Plaintiff's injury occurred on December 5, 1959. On October 17, 1960, plaintiff filed suit in Kansas for damages allegedly arising from that injury, relying on the theory of res ipsa loquitur to support his case. On January 10, 1961, the defendant moved to Texas. A little over one year thereafter, on January 22, 1962, the Kansas suit went to trial, and on January 23 defendant's demurrer to plaintiff's evidence was sustained by the court, with judgment being entered for defendant. On June 27, 1962, plaintiff's notice of appeal was filed in Kansas, and on February 1, 1963, the appeal was dismissed on the ground that it was not timely taken, a violation of Rule 8, Kansas Rules of Procedure.

Whether the present action is barred by the running of the statute of limitations is the first issue which must be resolved. The answer to the question posed by that issue depends on the time period established in the applicable statute. But it is in determining which statute is applicable that the parties disagree. It is undisputed that the mandate of Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), must be followed. This being a diversity case, this court must apply the substantive law of the forum state in ascertaining the rights of the parties. And it is long settled that for purposes of the Erie doctrine the *state* statute of limitations is to be applied. Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). But which state statute should be applied? This, too, is to be determined by the law of the forum. The forum state's conflicts of law rules are to be used in selecting the applicable statute. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In short, this court is sitting in this case as another Texas court, and must decide this controversy in the same manner in which a Texas court would decide it.

In Texas, statutes of limitation are viewed as matters of procedural rather than substantive law, and the limiting statute of the forum prevails. Broderick

v. Pardue, 102 S.W.2d 252 (Tex.Ct.Civ. App.1936). Also see, 12 Tex.Jur.2d, Conflict of Laws, Sec. 15. This general rule, however, is qualified to some extent. Where a statute confers a new right, which by the terms of the act creating the same is enforceable by suit only within a given period of time, the period allowed for its enforcement is a constituent part of the liability intended to be created and of the right intended to be conferred. The period prescribed for bringing suit in such a case is not like an ordinary statute of limitation which merely affects the remedy. If the courts of another state refuse to permit the cause of action to be sued upon or judgment taken thereon during a part of the period limited by the foreign law, then to that extent they refuse to give effect to the law of the foreign state, and by so doing impair the right intended to be created. California Dept. of Mental Hygiene v. Copus, 158 Tex. 196, 309 S.W.2d 227 (1958). It is on this qualification that plaintiff relies.

■ In Kansas, just as in Texas, there is a general two year statute of limitations on actions sounding in tort. Kansas G.S.1949, 60–306(3rd). But there is another provision in the Kansas statutes which plaintiff feels is binding on this court. That section provides:

Kansas G.S.1949, 60–311:

"New action after reversal or failure other than upon the merits; limitation. If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if he die, and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure."

It is urged that this statute creates a *new* cause of action and is construed by the Kansas courts as a substantive right over and above remedies which have lapsed otherwise than upon the merits.

No case was cited to support this conclusion, and the only case found by the court which concerned itself with the problem held to the contrary. In Deming v. Douglas, 60 Kan. 738, 57 P. 954, the court was dealing with the predecessor of G.S.1949, 60–311, which was G.S.1868, Ch. 80, Sec. 23. It was there held that the section does not confer any *new* right, but is merely an extension of the old limitation period. The result seems clearly to be that most consonant with the wording of the statute. And in view of that interpretation, there is no reason why Texas would apply the Kansas statute of limitations. It should be noted at this point that this court does not reach *any* question concerning the applicability of G.S.1949, 60–311, other than that discussed above.

■ That brings the court to the question of whether this action is barred by operation of the Texas statute of limitations. Article 5526 of Title 91 of Vernon's Ann.Civ.St. requires that suit to recover for injury done to the person of another be commenced within two years after the cause of action accrued. The injury upon which plaintiff relies allegedly occurred on December 5, 1959, and this suit was begun on June 5, 1963, well past the two year period. On the basis of that statute alone, the present suit should be barred. Nor does Article 5543 avail the plaintiff. That article provides that, "No demand against a person who has removed to this State, incurred prior to his removal, shall be barred by the statute of limitations until he shall have resided in this State for the space of twelve months. * * *" Since it is undisputed that the defendant moved to Texas on January 10, 1961, he is no longer within the terms of the provision. The two year statute applies, and this action is therefore barred.

Due to this disposition of the case, none of the questions concerning res judicata are reached. Defendant's motion for summary judgment will be granted. The clerk will notify counsel to draft and submit judgment accordingly.